UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DEDRICK LEE PATTERSON,

    Plaintiff,

                                  CASE NO. 13-15149

v.                                    HON. TERRENCE G. BERG

THOMAS P. MACKIE, et. al.,        HON. PAUL J. KOMIVES

    Defendants.

_____/

## OPINION AND ORDER OF SUMMARY DISMISSAL

Plaintiff is an inmate confined at the Baraga Maximum Correctional Facility in Baraga, Michigan. On December 26, 2013, Magistrate Judge R. Steven Whalen signed an order of deficiency (Dkt. 3), which required Plaintiff to provide a prisoner's application to proceed without prepayment of fees and costs and authorization to withdraw from trust fund account, a signed certification of his prison trust account from an authorized jail official and a current computerized trust fund account showing the history of the financial transactions in Plaintiff's institutional trust fund account for the past six months. Alternatively, the order allowed Plaintiff to pay the four hundred ($400.00) dollar filing fee in full. Plaintiff was given thirty days to comply with the order (Dkt. 3).

On January 8, 2014, Plaintiff filed an Application to Proceed in District Court Without Prepayment of Fees or Costs (Dkt. 5). Plaintiff, however, has failed to provide the Court with a written authorization to withdraw funds from his prison trust fund account. Plaintiff has also failed to provide the court with a certified trust account statement.

28 U.S.C. § 1915(a)(2) requires a prisoner who wishes to proceed without prepayment of fees and costs in a civil complaint in federal court to file a certified copy of the trust fund account statement for the six-month period immediately preceding the filing of the complaint or notice of appeal, obtained from the appropriate official of each prison at which the prisoner is or was confined. *See McGore v. Wrigglesworth,* 114 F.3d 601, 605 (6th Cir. 1997) (overruled on other grounds by *Jones v. Bock*, 549 U.S. 199 (2007)).

If an inmate who does not pay the full filing fee fails to provide an affidavit of indigency or a certified trust account statement, the district court must notify the prisoner of the deficiency and the prisoner will then have thirty days from the date of the deficiency order to correct the error or to pay the full filing fee. *See McGore v. Wrigglesworth*, 114 F.3d at 605. If the inmate fails to comply with the district court's directions, "[t]he district court must presume that the prisoner is not a pauper and assess the inmate the full amount of fees." *Id.* "The district court must then order that the case be dismissed for want of prosecution." *Id.*

Plaintiff was ordered, on December 26, 2013, by Magistrate Judge R. Steven Whalen, to provide a prisoner's application to proceed without prepayment of fees

and costs and authorization to withdraw from trust fund account, a signed certification of his prison trust account from an authorized jail official and a current computerized trust fund account showing the history of the financial transactions in Plaintiff's institutional trust fund account for the past six months (Dkt. 3). Nevertheless, Plaintiff has failed to file an authorization to withdraw funds. The moment Plaintiff filed his Complaint, he became responsible for the filing fee, and he waived any objection to the withdrawal of funds from his trust fund account to pay court fees and costs. *See McGore v. Wrigglesworth*, 114 F.3d at 605. Plaintiff's application to proceed without prepayment of fees or costs is deficient and subject to dismissal because it lacks the requisite authorization form. *See Lindsey v. Roman,* 408 Fed. Appx. 530, 533 (3rd Cir. 2010).

Plaintiff ignored the Magistrate Judge's order that he provide the Court with a signed certification regarding trust fund account. An uncertified trust fund account statement, or one that lacks a signature, is insufficient to satisfy the filing requirements for permitting a prisoner to proceed *in forma pauperis* under § 1915(a)(2), nor would it cure the deficiency in this case. *See Hart v. Jaukins,* 99 Fed. App'x. 208, 209-10 (10th Cir. 2004); *see also Moore v. Vantifflin,* No. 08-15168, 2009 WL 224548, * 1 (E.D. Mich. Jan. 30, 2009).

The Magistrate Judge's order of December 26, 2013 notified Plaintiff of the deficiencies of his filing, and directed him to correct those problems. Plaintiff nonetheless to failed to correct the noted deficiencies. This case is therefore subject to dismissal without prejudice, meaning that the case will be dismissed, but could

3

be re-filed if Plaintiff provides a prisoner's application to proceed without prepayment of fees and costs and authorization to withdraw from trust fund account, a signed certification of his prison trust account from an authorized jail official and a current computerized trust fund account showing the history of the financial transactions in Plaintiff's institutional trust fund account for the past six months. Because Plaintiff has failed to comply with the deficiency order, however, the Court will dismiss Plaintiff's Complaint without prejudice for want of prosecution. *See, e.g., Erby v. Kula,* 113 Fed. App'x. 74, 75-76 (6th Cir. 2004).

Accordingly, the Court **DISMISSES WITHOUT PREJUDICE** the Complaint (Dkt. 1) under 28 U.S.C. § 1915(a)(1) and (b)(1) and (2) for failure to comply with the filing requirements of the Prison Litigation Reform Act.

**SO ORDERED.**

Dated: April 15, 2014  s/Terrence G. Berg
TERRENCE G. BERG
UNITED STATES DISTRICT JUDGE

### Certificate of Service

I hereby certify that this Order was electronically submitted on April 15, 2014, using the CM/ECF system, and that a copy was mailed to Plaintiff.

s/A. Chubb
Case Manager

4